# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| DR. ERIC J. HALL, JR., DDS, PA, et al. ) | |
| ) | |
| Plaintiffs, ) | CASE NO. 4:19-cv-00335 |
| ) | |
| v. ) | JUDGE AMOS L. MAZZANT, III |
| ) | |
| AFFORDABLE CARE, LLC f/k/a ) | |
| AFFORDABLE CARE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S OPPOSED MOTION TO STAY DISCOVERY

Defendant Affordable Care, LLC f/k/a Affordable Care, Inc. moves to stay discovery pending the outcome of Defendant's Motion to Compel Arbitration and Motion to Stay Pending the Outcome of the Arbitration.

## CERTIFICATE OF CONFERENCE

Defendant's counsel conferred with Plaintiffs' counsel regarding the relief sought by this motion. Plaintiffs are opposed to the relief sought herein.

## INTRODUCTION

Plaintiffs Dr. Eric J. Hall, DDS, Jr. and Dr. Eric J. Hall, JR, DDS, PA and Defendant Affordable Care, LLC are parties to an arbitration pending currently in Raleigh, North Carolina. Despite the parties' pending arbitration, on May 7, 2019, Plaintiffs filed the instant lawsuit raising allegations that are substantially similar to the allegations at issue in the arbitration.

On June 28, 2019, Defendant moved to compel Plaintiffs to arbitrate their claims in this lawsuit in parties' currently pending arbitration. Defendant's motion to compel arbitration is fully briefed and now ripe for ruling.

In order to avoid unnecessary cost and expense for discovery which may ultimately be improper and unnecessary should this Court compel Plaintiffs' claims to arbitration, Defendant respectfully requests this Court stay discovery pending the Court's ruling on Defendant's motion to compel arbitration.

## **RELEVANT FACTS**

The Parties agree this lawsuit arises out of a Services Contract and the Services Contract is a valid and binding contract. The Services Contract includes an arbitration provision that provides, in pertinent part, that;

> [a]ny controversy or dispute between ACI and the PC or the Practice Owner with respect to the application or interpretation of the terms of this Agreement, except claims by ACI for failure of the PC to pay ACI or its affiliate or the exercise of ACI's rights of eviction or equitable remedies, will, upon the request or demand of either party, be resolved exclusively by arbitration in Raleigh, North Carolina in accordance with the then-existing rules of the American Arbitration Association applicable to commercial arbitration…

[Dkt. 9-2 at § VI(D)].

Defendant filed an arbitration demand with the American Arbitration Association in Raleigh, North Carolina involving claims under the parties' Services Contract. Plaintiffs filed an answering statement and counterclaims in that arbitration and **Plaintiffs are actively participating in the parallel arbitration**.

Despite the parties' ongoing arbitration of the same disputes under the same agreement, Plaintiffs filed the instant lawsuit asserting claims which also involve the application and interpretation of the same Services Contract. Indeed, Plaintiffs have acknowledged that their claims arise under the Services Contract, "This dispute stems from a Services Contract between [Defendant] and Plaintiffs." [Dkt. 1 at p. 1]. Accordingly, on June 28, 2019, Defendant moved

the Court to compel Plaintiffs to arbitrate their claims in the instant lawsuit. [Dkt. 9]. Defendant's motion to compel is fully briefed and ripe for review.

Since Defendant moved to compel arbitration, the Court has scheduled a case management conference and set the following discovery dates: (1) submission of initial disclosures, August 22, 2019; (2) deadline to file 26(f) report, August 26, 2019; and Rule 16 Management Conference, September 10, 2019 at 9:30 AM.

Defendant respects the substantial workload imposed by the Court's docket as well as the Court's need to carefully consider the issues raised in the parties' briefing. However, the need for reasonable time for the Court to make such a ruling may not be a basis for Plaintiffs to exploit discovery that would likely otherwise be precluded or at least significantly limited in what, under statute and Supreme Court and circuit precedent, the Court and the parties must, at this point, presume to be a case subject to arbitration as opposed to litigation.

## ARGUMENT & AUTHORITIES

Courts inherently have the authority to manage discovery on their dockets. *See, e.g., Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 134 (5th Cir. 1987). In exercising their discretion to manage discovery, Courts have stayed discovery pending the outcome of motions to compel. *See Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). *See also*, *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Indeed, a stay of discovery is appropriate where a dispositive motion, such as a motion to compel arbitration, "might preclude the need to the discovery altogether thus saving time and expense." *Landry*, 901 F.2d at 436

Here, Plaintiffs and Defendant agree a valid arbitration agreement exists in this case. [Dkt. 9 at pp. 4-6; Dkt. 11, at pp. 2-3]. Indeed, Plaintiffs and Defendant are parties to a pending

arbitration in Raleigh, North Carolina involving claims related to those asserted by Plaintiffs in this action which Plaintiffs should be compelled to arbitrate under the parties' Services Contract. The Fifth Circuit had held "once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration." *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). Thus, commencing discovery in this action concerning claims which may be eventually compelled to arbitration has the effect of denying Defendant of the benefit of the arbitration to which it is entitled.

This is especially true considering the scope and materiality of discovery differs greatly between a lawsuit in federal court and an arbitration proceeding before the American Arbitration Association.[1] Numerous courts have recognized that "[l]imited discovery rights are the hallmark of arbitration" and that, "by agreeing to arbitrate, a party simply 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'" *Speetjens v. Larson*, 401 F. Supp. 2d 600, 608 (D. Miss. 2005). *C.f., Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 298 (5th Cir. 2004) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991)).

Even in the courts, overly expansive discovery under the Federal Rules has been historically problematic, "The frequent [revisions to federal discovery rules]…reflect the continued complaints about discovery and the ongoing efforts to locate reasonable limits on the broad discovery that the rules allow." *Judges' View: From Rules of Procedure to How Lawyers Litigate: 'Twixt the Cup and the Lip*, 87 Denv. U.L. Rev. 227, 230 (2010). As such, courts more frequently encourage litigants to limit discovery, including the amount and length of depositions

---

[1] Defendant suspects Plaintiffs object to this motion because Plaintiffs intend to obtain information and documents Plaintiffs would otherwise not be entitled to obtain in the pending arbitration.

to much fewer in number and for much less time than Rule 30 allows and to carefully frame their discovery requests to meet the relevance and proportionality requirements of Rule 26(b)(1). These dangers are especially true in this case where Plaintiffs are seeking a very broad and expansive scope of discovery that goes far beyond the specific claims and allegations of this matter and into cases involving Defendant that have no relation to Plaintiffs whatsoever.

## **PRAYER**

Based upon the above arguments and authorities, Defendant respectfully requests that this Court stay discovery pending its ruling on Defendant's Motion to Compel Arbitration and Motion to Stay Pending the Outcome of the Arbitration.

Respectfully submitted,

By: */s/William S. Helfand*

William S. Helfand
Texas Bar No. 09388250
bill.helfand@lewisbrisbois.com
Sean O. Braun
Texas Bar No. 24088907
sean.braun@lewisbrisbois.com

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile

and

Donald G. Slezak (*Admitted Pro Hac Vice*)
Ohio Bar No. 0092422
donald.slezak@lewisbrisbois.com
David A. Campbell (*Admitted Pro Hac Vice*)
Ohio Bar No. 0066494
david.a.campbell@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
1375 East 9th Street, Suite 2250
Cleveland, Ohio  44114
(216) 344-9422 Telephone
(216) 344-9421 Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 22, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties, when applicable, by operation of the Court's filing system. Parties may access this filing through the Court's electronic filing system.  If parties will not receive notice via the Court's electronic filing system, a true and correct copy of the foregoing will be served via email upon the following:

Todd Harlow
FROST BROWN TODD, LLC
100 Crescent Court
Suite 350
Dallas, TX 75201
(214) 580-5844 (Tel)
(214) 545-3476 (Fax)
tharlow@fbtlaw.com

                                             */s/ William S. Helfand*
                                             William S. Helfand